Next case on the call of the docket is agenda number 11, case number 114, 163 People ex rel Mark Senko, State's Attorney of Rock Island County Petitioner versus the Honorable F. Michael Meersman, Judge of the 14th Judicial Circuit at all and Counsel for the Appellant. Please proceed. I think I said agenda number 11. I hope I did. Thank you. Good morning, Your Honors. May it please the court, counsel. This case is straightforward. Your name for the record? I'm Assistant Attorney General Stephen Soltanzati on behalf of the people. I apologize. This case is straightforward. Section 584 D2 of the Unified Code of Corrections mandates consecutive sentences when a defendant is convicted of a violation of criminal sexual assault or one of the other triggering offenses listed in the statute. Defendant here was convicted of criminal sexual assault and two non-triggering offenses, but the trial court ordered all of those sentences to run concurrently. This order not only violated the plain language of the statute, but it violated this court's holding in People v. Curry. In Curry, this court confirmed the statute's plain language and it held that where a defendant is convicted of a triggering offense, he must be ordered to serve that sentence consecutively, and he must serve that sentence prior to and independent of any other sentence, including sentences for non-triggering offenses. Respondent now asks you to overturn Curry, but there's no reason to do so. The statutory language at issue here is the same language that was construed in Curry, and the General Assembly has done nothing to amend or add to the statute to call Curry's holding into question. Here, the sentencing judge failed to comply with the mandatory sentencing statute, and this court should issue an order of mandamus directing the trial court to order defendant to serve his sentence for criminal sexual assault consecutive to his other sentences. To decide this case, this court needs to do nothing more than look at the plain language of the statute. The statute uses the singular in identifying when it says that the court shall impose consecutive sentences where the defendant was convicted of a violation of a triggering offense. That word a clearly evidences the legislature's intent that one violation triggers the mandatory sentencing scheme. There's only one reasonable way to read that statute. This court confirmed that reading in Curry. Their defendant was convicted of triggering offenses and non-triggering offenses. The defendant in Curry argued that he could serve his sentence on his triggering offense concurrently with his sentences for the non-triggering offenses. This court rejected that argument. It held that the sentences for the triggering offenses must be served consecutively, which means prior to and independently of any sentences for non-triggering offenses. To accept respondent's construction of the statute, this court would have to overrule Curry, and there's no reason to do so. This court has no questions. We ask that the court issue an order mandamus directing the trial court to order defendant to serve his sentence for criminal sexual assault consecutive to the other sentences. Thank you. Thank you. Counsel for the appellee. May it please the court. I'm Eric Truitt, Assistant Attorney General. I represent the respondent, the Honorable Michael Mearsman of the Circuit Court of Rock Island County. The petition for mandamus should be denied for two reasons. The first is that people v. Curry, the case upon which the people's case rests, is not binding and not persuasive in this case. People maintain that we're asking you to overrule people v. Curry. That's not the case. People v. Curry involves the construction of a statute that has been amended several times since then, and so we're not asking you to overrule it. We're simply asking you to recognize the statute has changed in so many ways since Curry was decided that we're simply dealing with a different case here. If you recall in Curry, the provision there was 584A, and at that time, mandatory consecutive sentences did not exist except for in the very limited instance where under the same course of conduct where the criminal objective was not substantially changed, you could have a consecutive sentence initially for a class X or class 1 felony in which there was serious bodily injury, and then later by amendment in the late 1970s, they also added for a violation of section 12-13, 12-14, the more serious sexual assault offenses. Ms. Laird Mr. Truitt, since you're asking us to look at the history of the section since 1996 and all the amendments, don't you think the legislature really intended for one of the offenses to apply to all the enumerated subparagraphs of D, and this is just really an inartfully draft, drafting by the legislature? Mr. Truitt Well, Justice Burke, I would agree that this is an inartfully drafted statute, and this of course is not the first time that this particular statute has been before this Court, and so that in a sense supports Respondent's view that if we have a statute that's parameters are not clear when we're dealing with a criminal sentence, then the rule of lenity would dictate that the statute be construed in favor of the defendant. Now, in terms of the specific amendments that have been made, it's not simply just adding additional offenses and also perhaps inartfully drawn. It's also a fundamental change in the statute over time. Initially, this provision prohibited consecutive sentences, then it made them optional, then it made them mandatory, but only when there was an offense that was committed in the same course of conduct motivated by the same criminal objective, then it added additional offenses, then it eliminated the requirement of the same course of conduct by adding 8.4b, then all of those provisions were merged and reorganized in 2009 into the present form of the statute we have here. So it's not simply But why would the legislature specify some or certain offenses to use the term shall if it didn't intend for the consecutive sentence to be imposed any time these offenses, all these offenses were involved? Well, our understanding in the statute is as follows, and that is if you look at D1, those are the most serious of the serious offenses. So under D1, the legislature used the language, one of the offenses for which. So if you commit an offense that's listed under D1, then you would necessarily have your other sentence run consecutive to that. But some of the other offenses that are listed, D2 through D11, most of those are motivated by the idea that you shouldn't get a, what we would call a free crime, and thereby, like if you look at the explanation of what is now D2 in People v. Curry, the understanding there was that each sexual assault causes injury to the victim. So the idea that you could commit two or three sexual assaults, yet only be sentenced for one of those, you know, that neglected the injury that the serious crime of sexual assault did to the victim. Some of the other offenses that are listed in D are explained by the same rationale. For example, if you commit a crime out on bail, or if you commit a bail bond violation, most likely the bail bond violation is not going to be as serious as the underlying crime you're committed. So there's a requirement of consecutive sentences in D11 for bail bond violations to make sure that you don't get a free bail bond violation by having the bail bond violation merged here. In this case, though, there's no real risk of that happening because there's no doubt that he's going to serve the full sentence for the enumerated crime. So we're really asking is, is he being fully punished for the failure to register the more serious offense, the criminal sexual assault? Although the statute at issue in Curry included the requirement of a single course of conduct, the analysis did address whether the legislature intended for consecutive sentences to be imposed for every offense, both triggering and non-triggering, arising out of the same course of criminal conduct, right? It did, yes, yes, Mr. Thompson. And that does not impact your, one of your first comments to this court, that Curry would not have to be overruled? Curry would not have to be overruled because the rationale of Curry was based on the specific language. If you look at what Curry said about the offenses, Curry said that the offenses are of a singular nature and almost only the most serious crimes. Neither of those statements accurately describe what is now 584D. For example, the singular nature refers to the crimes are taking place during a single course of conduct during which there's no substantial change in the criminal objective. And the most serious crimes refer to the fact that what, you know, was then 584A only included what is now D1 and D2. D3 through D11, all of the additional crimes that have been added to the statute over the years were not present in the statute at the time. And then it was also a very narrow exception to what was otherwise a prohibition on consecutive sentences as opposed to what we see here, where consecutive sentences may be required in a wide range of offenses. So I would say that the holding in this case could be consistent with Curry based on the differences in the statutory language and the change in the purpose. So the rationales of Curry, as I've noted, were based on the singular nature of the crime. Those are clearly not present either in the facts of this case or a requirement in the most serious offenses. But as I've noted, D3 through D11, which had been added to the statute over the years, mean that that description is no longer an apt description of the version of the statute that we're dealing with. And then the last rationale that was provided by Curry was that the legislature intended that some crimes be treated differently. But that rationale can't resolve the dispute in this case because both sides agree that under certain instances enumerated offenses are going to be treated differently than unenumerated offenses. So the question is not whether they'll be treated differently. It's really how differently they're going to be treated. So for example, in the case of, if you took the facts of some of the other cases that have been decided, for example, People v. McCoskey, where there were three counts of predatory criminal sexual assault. There's no dispute under our construction of the statute as well as under the petitioner's construction of the statute that consecutive sentences would be required in that case. So we're not dealing with a situation where someone is going to be able to commit several sexual assaults yet only be sentenced for one of them. Consecutive sentences would be required if you commit two or more of the enumerated offenses. And that raises a point about the McCoskey case. If you look at the McCoskey case, McCoskey was construing what was previously 584B, which was a response. There were the amendments in 1997 which were designed to solve the problem that was identified by this Court in People v. Boal where 584A only applied to crimes that were committed in the same course of conduct and it did not apply to the similarly serious circumstance where someone could commit three sexual assaults, say, spanning out over a course of eight months or a year or something like that. In Boal, this Court said that the statute had to be read strictly and therefore did not cover that circumstance. So the legislature amended the statute and added what was 84B which said, you know, it had the same language as 84A, it just applied where it was not committed in a single course of conduct. During the course of McCoskey, which was construing 84B, this Court did not rely on Curry or any of Curry's analysis even though some of the language was the same because some of the critical factors relied upon in Curry, the fact that it was committed during the same course of conduct and therefore the crimes were of a singular nature, did not apply to B as well. So this Court, even in construing 84B, which uses a lot of the same language as does 84A, this Court did not rely on Curry in construing that similar provision. Your opposing counsel in the brief says that the trial court, in denying the motion for reconsideration, said the sentences, consecutive sentences, were not mandatory because the crime did not stem from the same course of conduct. You're disassociating your argument from that completely. Yes, and our understanding is that under the posture of the case, the question is not whether the trial court erred, it's whether the people have a right to, affirmative right to relief and therefore the specific reasoning offered by the trial court for its sentencing decision is not determinative of whether consecutive sentences were mandatory. And obviously the default rule is that sentences will be concurrent unless otherwise specified so it would be incumbent upon the people to show that consecutive sentences were required in this case. Addressing the plain language, we would ask that this Court use the same approach that it used in People v. Whitney. If you'll recall, People v. Whitney addressed the meaning of what is now D1. It was an unusual case in which the defendant had committed a murder and also had committed aggravated discharge of a firearm and the state had argued that consecutive sentences were mandatory because the defendant had committed a Class 1 felony and there was also serious bodily injury. The difficulty there was that the Class 1 felony is not what caused the serious bodily injury. The thing that caused the serious bodily injury was a murder and murder was not a Class X or Class 1 felony. So you had a circumstance, a statutory ambiguity in this same provision whereby the Court had to decide whether there had to be a relationship or a connection between the Class X or Class 1 felony and the serious bodily injury. This Court found that the provision was ambiguous and it applied the rule of lenity in resolving the statute in favor of the defendant. So our brief, in essence, asked for the same analytical approach recognized based on the clause in between D2 and D7 and D11 that there's an ambiguity in the statute that needs to be resolved and under the principles of the rule of lenity they should be resolved in favor of the defendant. If there are no further questions, I would ask that this Court deny the petition for mandamus.  Rebuttal. Thank you, Your Honor. Just a couple of quick points. First beginning with the point about the statutory construction, the issue faced here is nothing like what the Court faced in Whitney. In Whitney you had a truly ambiguous statute where you had two conditions and no direction from the General Assembly in how those conditions relate to one another. Here we have crystal clear language in subsection D2. It says that mandatory consecutive terms are required where there is a violation. This might be a slightly more difficult case if what the General Assembly had said was mandatory consecutive terms are required where defendant commits criminal sexual assault. They didn't even do that. They said where defendant is convicted of a violation. Respondent talked about the plain language of the statute, but Respondent's Counsel didn't say how we can read that language, a violation of a statute, any other way than requiring mandatory consecutive terms where there's a single violation. Turning to Curry, Respondent's contention appears to be that this Court doesn't have to overrule Curry to find a Respondent's favor in this case. But the language construed in Curry, even though there have been several amendments since Curry, and that's true, is identical to the language that exists in D2 today. In fact, the fact that there have been so many amendments to the statute and the General Assembly has not touched this language is actually evidence of the General Assembly's intent to, it's evidence that the General Assembly agrees with this holding, this Court's holding in Curry. We assume the General Assembly is aware of this Court's holdings. It's been 15 years since Curry was decided, and the fact that the General Assembly hasn't touched that language indicates that it intends this Court to, it agrees with this Court's holding and this Court's plain reading of that language. There have been additions to the statute, but none of those additions affected this language, and none of those additions to the statute affect the reasoning in Curry. In Curry, they said, the General Assembly has decided that some crimes, some sentences must be treated more harshly than others. One of those is criminal sexual assault. Respondent seems to contend that here it doesn't really matter, because defendant is going to serve his 12 years for criminal sexual assault, whether or not the triggering offense, the non-triggering offenses are concurrent with that sentence or consecutive to that sentence. But that's not really true. By the time defendant was charged with criminal sexual assault, he had been charged with two of the registration offenses, and by the time, this was a global disposition where he pleads guilty to all three as part of a single disposition, and if you take the criminal sexual assault away from that, the way he was sentenced, he would have served three years. Adding the criminal sexual assault, if he only serves a total of 12 years, then really we're knocking down his 12-year term for criminal sexual assault from 12 years to nine years. He would only serve an additional nine years. That's not the sentence he received, and that's inconsistent with the General Assembly's intent to ensure that he serves a full term for crimes like criminal sexual assault. So to say that Curry's rationale no longer applies, it ignores not only the fact that there's a lot of cooperative language here, but also that Curry specifically identified one of the underpinnings of his holding as the fact that we have to adhere to the General Assembly's intent that defendants serve the full term for some of these crimes, including criminal sexual assault. If I could just have a moment. If this Court has no further questions, again, we ask this Court to issue an order of mandamus directed to the trial court to order defendants to serve a consecutive term for criminal sexual assault. Thank you. Thank you, Mr. Sultanzadeh and Mr. Truitt, for your arguments today. Case number 11416, 30 people ex rel., Mark Sinko et al., and it's taken under advisement as agenda number 11.